## ORIOLE MOTOR COACH CO. v. PUBLIC UTILITIES COMMISSION.
### Civ. A. No. 5450–52.

United States District Court
District of Columbia.

April 23, 1953.

S. Harrison Kahn, of Washington, D. C., for plaintiff.

Vernon E. West, Corp. Counsel, and Lloyd B. Harrison, Asst. Corp. Counsel, for the District of Columbia, Washington, D. C., for defendant.

W. V. T. Justis and F. G. Awalt, Washington, D. C., for Capital Transit Co., as intervenor.

HOLTZOFF, District Judge.

This is an appeal by the Oriole Motor Coach Lines, Inc., from an order of the Public Utilities Commission for the District of Columbia denying an application for the designation of certain routings for the operation of the plaintiff's motor buses within the District of Columbia.

This application wa made under the District of Columbia Code, 1951 Edition, Title

---

40, Section 603, Subsection (e), which confers upon the Public Utilities Commission of the District of Columbia the power to route common carriers by vehicle which enter, operate in, or leave the District of Columbia; the power to route, of course, being limited to operations within the District of Columbia.

The plaintiff operates passenger bus lines from points within the State of Maryland to a point immediately within the boundary line between Maryland and the District of Columbia. This interstate operation is conducted pursuant to a certificate of public convenience and necessity issued by the Interstate Commerce Commission, which, among other things, authorizes the bus line to conduct transportation service between Sandy Spring, Maryland, and Washington, D. C., and between Washington, D. C., and College Park, Maryland.

The bus line desires to move its terminal in the District of Columbia from its present location immediately inside the District line to a point in downtown Washington, in order that passengers boarding the Oriole buses in Maryland and destined for downtown Washington may be transported to downtown Washington without having to disembark from the Oriole buses as soon as they arrive within the District, and take another bus of the Capital Transit Company, a competitive line, to points downtown. The Oriole bus line is not asking for permission to operate intrastate service but merely to carry its Maryland passengers to downtown Washington.

The application was denied by the Public Utilities Commission under the provision of the District of Columbia Code, 1951 Edition, Title 44, Section 201, which provides that no competitive street railway or bus line, that is, bus or railway line for the transportation of passengers of the character which runs over a given route on a fixed schedule, shall be established without the prior issuance of a certificate by the Public Utilities Commission of the District of Columbia to the effect that the competitive line is necessary for the convenience of the public. The plaintiff in this proceeding did not apply to the Public Utilities Commission for such a certificate of convenience, claiming that the provisions of this section were limited to intrastate operations and did not apply to interstate operations, it being conceded that the District of Columbia must be regarded as a state for this purpose.

The unequivocal language of the statute is sufficiently comprehensive to cover all kinds of operations of a competitive bus line, be they intrastate or interstate. No basis is found for making the exception urged by the plaintiff.

In Capital Transit Co. v. Safeway Trails, 201 F.2d 708, 709, decided by the United States Court of Appeals for the District of Columbia Circuit, on January 15, 1953, it was said that:

"The District of Columbia Code 1951, § 44–201, prohibits the establishment of a bus line, competitive with Transit, over a given route on a fixed schedule unless the Commission has issued a certificate to the competing carrier that its line is necessary for the convenience of the public."

That case also involved a bus line which carried passengers between points in Maryland and points in the District of Columbia. The question presented was whether this bus line could lawfully operate without the permission of the Public Utilities Commission as provided in Section 201 of Title 44 of the District of Columbia Code. The statement of the Court of Appeals, which has just been quoted, is to the effect that this statutory provision applies to an operation of the kind here presented.

True, it may be argued that this statement should be considered dictum, since the actual decision of the Court was that the plaintiff had not exhausted its administrative remedy. Be that as it may, this pronouncement of the Court of Appeals is at least persuasive, and supports the independent view of this Court that no such exception as is sought to be carved out by the plaintiff from Section 201 is justified by anything in the statute.

In the light of these considerations the Court is of the opinion that the decision of the Public Utilities Commission was correct, and it is hereby affirmed.